1

2.   Sulphur Springs Medical Center
     Custodians of Record and/or Billing Personnel
     900 West Scott Street
     Wilcox, AZ 85643

2

3

4        Plaintiff's medical providers, who are expected to testify regarding the treatment

5    rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

6    testify regarding their observations of Plaintiff and her symptoms. Said providers are also

7    expected to testify that the treatment rendered to Plaintiff was related to the incident which is

8    the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

9    necessary, and that the charges for that treatment was reasonable and customary. Said

10   providers testimony is also expected to substantially conform to Plaintiff's medical records.

11   Said providers, including their custodians of record and/or billing personnel, are expected to

12   lay foundation for the introduction into evidence of any records and/or exhibits disclosed

13   herein. Without waiving the right to object, any medical expert witness disclosed by

14   Defendants, even if later delisted.

15

16   3.   Serene Touch by Reina LMT
          Custodians of Record and/or Billing Personnel
          691 West Ajo Way
          Tucson, AZ 85713

17

18

19       Plaintiff's medical providers, who are expected to testify regarding the treatment

20   rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

21   testify regarding their observations of Plaintiff and her symptoms. Said providers are also

22   expected to testify that the treatment rendered to Plaintiff was related to the incident which is

23   the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

24   necessary, and that the charges for that treatment was reasonable and customary. Said

25   providers testimony is also expected to substantially conform to Plaintiff's medical records.

1  Said providers, including their custodians of record and/or billing personnel, are expected to
2  lay foundation for the introduction into evidence of any records and/or exhibits disclosed
3  herein. Without waiving the right to object, any medical expert witness disclosed by
4  Defendants, even if later delisted.

5
6          4.    **Simon Med Imaging**
                 **Custodians of Record and/or Billing Personnel**
7                **310 N. Wilmot St.**
                 **Suite 302**
8                **Tucson, AZ 85711**

9      Plaintiff's medical providers, who are expected to testify regarding the treatment
10  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to
11  testify regarding their observations of Plaintiff and her symptoms. Said providers are also
12  expected to testify that the treatment rendered to Plaintiff was related to the incident which is
13  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically
14  necessary, and that the charges for that treatment was reasonable and customary. Said
15  providers testimony is also expected to substantially conform to Plaintiff's medical records.
16  Said providers, including their custodians of record and/or billing personnel, are expected to
17  lay foundation for the introduction into evidence of any records and/or exhibits disclosed
18  herein. Without waiving the right to object, any medical expert witness disclosed by
19  Defendants, even if later delisted.

20          5.    **Center For Advanced Spinal Surgery of Southern Arizona**
21                **Dr. Lewandrowski**
                 **Custodians of Record and/or Billing Personnel**
22                **4787 E. Camp Lowell Road**
                 **Tucson, AZ 85712**
23
24     Plaintiff's medical providers, who are expected to testify regarding the treatment
25  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

17

1  testify regarding their observations of Plaintiff and her symptoms. Said providers are also

2  expected to testify that the treatment rendered to Plaintiff was related to the incident which is

3  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

4  necessary, and that the charges for that treatment was reasonable and customary. Said

5  providers testimony is also expected to substantially conform to Plaintiff's medical records.

6  Said providers, including their custodians of record and/or billing personnel, are expected to

7  lay foundation for the introduction into evidence of any records and/or exhibits disclosed

8  herein. Without waiving the right to object, any medical expert witness disclosed by

9  Defendants, even if later delisted.

10

11         **6.     The Pain Institute of Southern Arizona**
                    **Dr. Efrain Cubillo**
12                  **Custodians of Record and/or Billing Personnel**
                    **4582 N. 1st Ave. #170**
13                  **Tucson, AZ 85718**

14         Plaintiff's medical providers, who are expected to testify regarding the treatment

15  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

16  testify regarding their observations of Plaintiff and her symptoms. Said providers are also

17  expected to testify that the treatment rendered to Plaintiff was related to the incident which is

18  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

19  necessary, and that the charges for that treatment was reasonable and customary. Said

20  providers testimony is also expected to substantially conform to Plaintiff's medical records.

21  Said providers, including their custodians of record and/or billing personnel, are expected to

22  lay foundation for the introduction into evidence of any records and/or exhibits disclosed

23  herein. Without waiving the right to object, any medical expert witness disclosed by

24  Defendants, even if later delisted.

25

18

1

2

3

       7.    **Western Neurosurgery**
                **Dr. Yu**
                **Dr. Christiano**
                **Custodians of Record and/or Billing Personnel**
                **6567 Carondelet Dr. #305**
                **Tucson, AZ 85710**

4

5

6

7

8

9

10

11

12

13

14

Plaintiff's medical providers, who are expected to testify regarding the treatment rendered to Plaintiff as described in the factual portion herein. Said providers are expected to testify regarding their observations of Plaintiff and his symptoms. Said providers are also expected to testify that the treatment rendered to Plaintiff was related to the incident which is the subject of Plaintiff's Complaint, that this treatment was reasonable and medically necessary, and that the charges for that treatment was reasonable and customary. Said providers testimony is also expected to substantially conform to Plaintiff's medical records. Said providers, including their custodians of record and/or billing personnel, are expected to lay foundation for the introduction into evidence of any records and/or exhibits disclosed herein. Without waiving the right to object, any medical expert witness disclosed by Defendants, even if later delisted.

15

16

17

18

19

       8.    **Vita Medical Institute**
                **Dr. Mateja De Leonnin Stanonik**
                **Custodians of Record and/or Billing Personnel**
                **2580 E. Skyline Dr.**
                **Bldg. 2, Suite 130**
                **Tucson, AZ 85718**

20

21

22

23

24

25

Plaintiff's medical providers, who are expected to testify regarding the treatment rendered to Plaintiff as described in the factual portion herein. Said providers are expected to testify regarding their observations of Plaintiff and her symptoms. Said providers are also expected to testify that the treatment rendered to Plaintiff was related to the incident which is the subject of Plaintiff's Complaint, that this treatment was reasonable and medically necessary, and that the charges for that treatment was reasonable and customary. Said

19

1  providers testimony is also expected to substantially conform to Plaintiff's medical records.

2  Said providers, including their custodians of record and/or billing personnel, are expected to

3  lay foundation for the introduction into evidence of any records and/or exhibits disclosed

4  herein. Without waiving the right to object, any medical expert witness disclosed by

5  Defendants, even if later delisted.

6

7          9.      **Tucson Orthopedic Institute**
                   **Dr. Justin Ledesma**
8                  **Custodians of Record and/or Billing Personnel**
                   **5301 East Grant Road**
9                  **1st Floor**
                   **Tucson, AZ 85712**

10      Plaintiff's medical providers, who are expected to testify regarding the treatment

11  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

12  testify regarding their observations of Plaintiff and her symptoms. Said providers are also

13  expected to testify that the treatment rendered to Plaintiff was related to the incident which is

14  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

15  necessary, and that the charges for that treatment was reasonable and customary.  Said

16  providers testimony is also expected to substantially conform to Plaintiff's medical records.

17  Said providers, including their custodians of record and/or billing personnel, are expected to

18  lay foundation for the introduction into evidence of any records and/or exhibits disclosed

19  herein. Without waiving the right to object, any medical expert witness disclosed by

20  Defendants, even if later delisted.

21

22          10.     **Collision Chiropractic**
                    **Custodians of Record and/or Billing Personnel**
23                  **3602 W. Thomas Road, Ste. #4**
                    **Phoenix, AZ 85019**
24

25

1   Plaintiff's medical providers, who are expected to testify regarding the treatment
2   rendered to Plaintiff as described in the factual portion herein. Said providers are expected to
3   testify regarding their observations of Plaintiff and her symptoms. Said providers are also
4   expected to testify that the treatment rendered to Plaintiff was related to the incident which is
5   the subject of Plaintiff's Complaint, that this treatment was reasonable and medically
6   necessary, and that the charges for that treatment was reasonable and customary. Said
7   providers testimony is also expected to substantially conform to Plaintiff's medical records.
8   Said providers, including their custodians of record and/or billing personnel, are expected to
9   lay foundation for the introduction into evidence of any records and/or exhibits disclosed
10  herein. Without waiving the right to object, any medical expert witness disclosed by
11  Defendants, even if later delisted.

12
13          11.   **Northern Cochise Community Hospital**
                  **Custodians of Record and/or Billing Personnel**
                  **901 West Rex Allen Drive**
14                **Wilcox, AZ 85643**

15  Plaintiff's medical providers, who are expected to testify regarding the treatment
16  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to
17  testify regarding their observations of Plaintiff and her symptoms. Said providers are also
18  expected to testify that the treatment rendered to Plaintiff was related to the incident which is
19  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically
20  necessary, and that the charges for that treatment was reasonable and customary. Said
21  providers testimony is also expected to substantially conform to Plaintiff's medical records.
22  Said providers, including their custodians of record and/or billing personnel, are expected to
23  lay foundation for the introduction into evidence of any records and/or exhibits disclosed
24
25

21

1   herein. Without waiving the right to object, any medical expert witness disclosed by

2   Defendants, even if later delisted.

3

4           12.     Apex Physical Therapy
                    Custodians of Record and/or Billing Personnel
5                   2151 South Highway Suite 106
                    Sierra Vista, AZ 85635

6       Plaintiff's medical providers, who are expected to testify regarding the treatment

7   rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

8   testify regarding their observations of Plaintiff and her symptoms. Said providers are also

9   expected to testify that the treatment rendered to Plaintiff was related to the incident which is

10  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

11  necessary, and that the charges for that treatment was reasonable and customary. Said

12  providers testimony is also expected to substantially conform to Plaintiff's medical records.

13  Said providers, including their custodians of record and/or billing personnel, are expected to

14  lay foundation for the introduction into evidence of any records and/or exhibits disclosed

15  herein. Without waiving the right to object, any medical expert witness disclosed by

16  Defendants, even if later delisted.

17

18          13.     Nicholas Ranson, MD
                    Custodians of Record and/or Billing Personnel
19                  1701 W St Mary's Rd
                    Suite 114
20                  Tucson, AZ 85745

21      Plaintiff's medical providers, who are expected to testify regarding the treatment

22  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

23  testify regarding their observations of Plaintiff and her symptoms. Said providers are also

24  expected to testify that the treatment rendered to Plaintiff was related to the incident which is

25  the subject of Plaintiff's Complaint, that this treatment was reasonable and medically

1 | necessary, and that the charges for that treatment was reasonable and customary. Said
2 | providers testimony is also expected to substantially conform to Plaintiff's medical records.
3 | Said providers, including their custodians of record and/or billing personnel, are expected to
4 | lay foundation for the introduction into evidence of any records and/or exhibits disclosed
5 | herein. Without waiving the right to object, any medical expert witness disclosed by
6 | Defendants, even if later delisted.

7
8        14.    **Healthy Spines Chiropractic**
           **Custodians of Record and/or Billing Personnel**
9            **1473 North Dysart Road**
           **Suite 101**
10           **Avondale, AZ 85323**

11
12 |    Plaintiff's medical providers, who are expected to testify regarding the treatment
13 | rendered to Plaintiff as described in the factual portion herein. Said providers are expected to
14 | testify regarding their observations of Plaintiff and her symptoms. Said providers are also
15 | expected to testify that the treatment rendered to Plaintiff was related to the incident which is
16 | the subject of Plaintiff's Complaint, that this treatment was reasonable and medically
17 | necessary, and that the charges for that treatment was reasonable and customary. Said
18 | providers testimony is also expected to substantially conform to Plaintiff's medical records.
19 | Said providers, including their custodians of record and/or billing personnel, are expected to
20 | lay foundation for the introduction into evidence of any records and/or exhibits disclosed
21 | herein. Without waiving the right to object, any medical expert witness disclosed by
22 | Defendants, even if later delisted.

       15.    **Center for Advanced Spinal Surgery of Southern Arizona**
23            **Custodians of Record and/or Billing Personnel**
           **4787 E. Camp Lowell Road**
24           **Tucson, AZ 85712**

25

1        Plaintiff's medical providers, who are expected to testify regarding the treatment

2  rendered to Plaintiff as described in the factual portion herein. Said providers are expected to

3  testify consistently with the 2/16/2018 Surgery Cost Estimate for C4/5 and C5/6 ACDF

4  procedures. Said providers testimony is also expected to substantially conform to Plaintiff's

5  medical records. Said providers, including their custodians of record and/or billing personnel,

6  are expected to lay foundation for the introduction into evidence of any records and/or

7  exhibits disclosed herein. Without waiving the right to object, any medical expert witness

8  disclosed by Defendants, even if later delisted.

9        *See also*, § I, *supra*, and the attached medical records, reports and bills for

10  additional information about which these witnesses may testify.

11      **D. Retained Expert Witnesses**

12      *See*, §§ III (B), III (C), and III (D), *supra*.

13      Plaintiff reserves the right to supplement additional experts or designate an expert as

14  provided by the Arizona Rules of Civil Procedure.

15      **E. Additional Information Regarding Witnesses**

16      In addition to the information disclosed in §§ III (A-C) above, Plaintiff may call as a

17  witness any person identified in § IV, *infra*, or disclosed in any capacity by any other party,

18  or named in any document disclosed by any party.

19  **IV.   PERSONS WITH KNOWLEDGE**

20      A.   *See*, §§ III, *supra*, and V, *infra*.

21      B.   Defendants, their agents and employees.

22      C.   Counsel for the parties, including their respective employees and agents.

23      D.   Other agents for Plaintiff and Defendants.

24

25

24

1    E.    All investigators employed or engaged by Defendants currently unknown to

2  Plaintiff, whose identities and involvement are required to be disclosed by Defendants

3  pursuant to ARCP 26.1.

4    F.    Medical personnel and staff not named above, but associated with Plaintiff's

5  treatment are expected to have knowledge regarding Plaintiff's injuries and damages. *See*

6  Plaintiff's medical records, reports, and/or bills attached hereto and any supplements thereto

7  for additional information/identities.

8    G.    Custodian of Records for medical providers.

9    H.    Any witnesses listed by Defendants.

10    I.    Any witnesses revealed through further discovery.

11  Plaintiff reserves the right to supplement as discovery continues.

12  **V.    STATEMENTS**

13  Plaintiff is not currently in the possession of any statement(s). In the event that any

14  becomes known/available to Plaintiff, Plaintiff will supplement such information.

15  **VI.    EXPERT WITNESSES**

16  *See*, §§ III (B), III (C), and III (D), *supra*.

17  Plaintiff reserves the right to supplement additional experts or designate an expert as

18  provided by the Arizona Rules of Civil Procedure.

19  **VII.    COMPUTATION / MEASURE OF DAMAGES**

20  **A. Medical Expenses**

| Provider | Dates of Service | Medical Expense |
|---|---|---|
| AMBULANCE | Will Supplement | Will Supplement |
| Benson Hospital | 10/04/17 | $7,399.20 |
| Sulphur Springs Medical Center | 10/10/17-11/20/17 | $875.57 |
| Serene Touch by Reina LMT | 11/13/17-5/3/18 | $3,840.00 |
| Simon Med Imaging | 11/9/17 | $3,660.00 |
| Center For Advanced Spinal Surgery of Southern Arizona | 2/14/18 | $2,576.00 |

| The Pain Institute of Southern Arizona | 12/29/17-02/02/18 | $3,844.00 |
| The Pain Institute of Southern Arizona | 01/25/18 | $475.00 |
| Vita Medical Institute | 11/17/17 | $287.00 |
| Tucson Orthopedic Institute | 11/14/17 | $168.36 |
| Collision Chiropractic | 10/31/17-5/10/18 | $1,795.00 |
| Northern Cochise Community Hospital | 9/11/18-1/24/19 | $3,156.30 |
| Apex Physical Therapy | 7/2/18-7/6/18 | $214.29 |
| Dr. Nicholas Ranson, MD | 7/18/18- 11/26/18 | $1,760.00 |
| Healthy Spines Chiropractic | Will Supplement | Will Supplement |

### TOTAL MEDICAL EXPENSES TO DATE                 $30,050.72

**B. Future Medical Expenses** – Surgery Estimate C4/5, C5/6    **$254,148.39**

ACDF – 2/16/18 Surgery Estimate from Center for

Advanced Spinal Surgery of Southern Arizona

**C. Lost Wages** –                                              **Will Supplement**

### GRAND TOTAL                                      **$284,199.11**

**D. General Damages**

General damages should be awarded to Plaintiff in an amount to adequately compensate for pain, discomfort, suffering, mental/emotional distress, aggravation, frustration, loss of enjoyment of life: not subject to exact calculation. *See* Personal Injury Damages 1 - Measure of Damages, RAJI (5th).

## VIII.  TANGIBLE EVIDENCE / RELEVANT DOCUMENTS

1. Arizona Department of Public Safety Crash Report No. 2017-049682, dated October 4, 2017. (Copy attached)

1    2. Arizona Department of Public Safety Truck/Bus Supplement, Agency Report

2  Number 2017-049682. (Copy attached)

3    3. Arizona Department of Public Safety Driver-Vehicle Examination Report,

4  Federal DOT # 2369633, AZ0000826344. (Copy attached)

5    4. Arizona Department of Public Safety Arizona Traffic Ticket and Complaint,

6  Report Number 2017-049682. (Copy attached)

7    5. Arizona Department of Public Safety Vehicle Removal Report, DR Number

8  2017-049682. (Copy attached)

9    6. Plaintiff's medical records, reports and bills from Benson Hospital. (Copies

10  attached)

11    7. Plaintiff's medical records, reports and bills from Sulphur Springs Medical

12  Center. (Copies attached)

13    8. Plaintiff's medical records, reports and bills from Serene Touch by Reina LMT.

14  (Copies attached)

15    9. Plaintiff's medical records, reports and bills from Simon Med Imaging. (Copies

16  attached)

17    10. Plaintiff's medical records, reports and bills from Center For Advanced Spinal

18  Surgery of Southern Arizona. (Copies attached)

19    11. Plaintiff's medical records, reports and bills from The Pain Institute of Southern

20  Arizona. (Copies attached)

21    12. Plaintiff's medical records, reports and bills from The Pain Institute of Southern

22  Arizona. (Copies attached)

23    13. Plaintiff's medical records, reports and bills from Vita Medical Institute. (Copies

24  attached)

25    14. Plaintiff's medical bills from Tucson Orthopedic Institute. (Copies attached)

27

1    15. Plaintiff's medical records, reports and bills from Collision Chiropractic. (Copies

2  attached)

3    16. Plaintiff's medical records, reports and bills from Northern Cochise Community

4  Hospital. (Copies attached)

5    17. Plaintiff's medical records, reports and bills from Apex Physical Therapy.

6  (Copies attached)

7    18. Plaintiff's medical records, reports and bills from Dr. Nicholas Ranson, MD.

8  (Copies attached)

9    19. Plaintiff's medical records from Choctaw Urgent Care. (Copies attached)

10    20. Plaintiff's medical records from Tucson Ortho. (Copies attached)

11    21. Plaintiff's medical records from Meridian Oncology Associates. (Copies

12  attached)

13    22. Plaintiff's medical records from Meridian Medical Associates. (Copies attached)

14    23. Plaintiff's prior and unrelated medical records from Northern Cochise

15  Community Hospital. (Copies attached)

16    24. Plaintiff's medical records from Vitamedica Institute. (Copies attached)

17    25. Plaintiff's medical records from Carondelet Health Network. (Copies attached)

18    26. Center for Advanced Spinal Surgery of Southern Arizona – 2/16/2018 Note and

19  Surgery Cost Estimate for C4/5 and C5/6 ACDF. (Copy attached)

20    27. R17-5-202 Section 395.8E Fed. Motor Carr. Safety Viol False Log Book. (Copy

21  attached)

22    28. Ten (10) Page Website Printout – MDD Logistics USDOT 2369633 – San

23  Diego,          California          Trucking          Company,          obtained          from

24  https://www.quicktransportsolutions.com/index.php (last visited June 20, 2019). (Copy

25  attached)

28

1    29. Demand for Preservation of Evidence, dated September 1, 2017, sent March 1,

2  2018, with Certified Mail Return Receipt. (Copy attached)

3    30. Deposition of any party or witness in this matter.

4    31. Curriculum Vitae of any retained or non-retained expert witness.

5    32. Pleadings and admissible portions of any party's disclosure statement and

6  discovery responses.

7    33. Without waiving objections, any and all exhibits listed or disclosed by

8  Defendants.

9    34. Any exhibits or evidence found through subsequent discovery up to the time of

10  trial.

11    35. Without waiving objections, any document, reports or items produced in

12  response to any request for production of documents or interrogatories.

13  **IX.    DOCUMENT PRODUCTION**

14    *See* § VIII above. All other documents listed are not available at this time and will be

15  supplemented as necessary, or are believed to be in Defendants' possession.

16    Additional relevant information may be contained in the medical charts of the various

17  providers that were not provided to Plaintiff by those providers. Defendants may obtain

18  Plaintiff's authorization to request any additional records, and/or bills from providers.

19    Plaintiff reserves the right to supplement this disclosure statement and relevant

20  documents up to the time of trial.

21    **DATED** this 30th day of August, 2019.

22

23                          **PHILLIPS LAW GROUP, P.C.**

24

25                  By:    _____
                          Timothy G. Tonkin, Esq.

29

Steven J. Jones, Esq.
*Attorneys for Plaintiff*

1

2   **ORIGINAL** of the foregoing
Served with Complaint, to:

3

4   Jose Alfredo Jaques Briseno
Jane Doe Briseno
5   26031-68ª Circuito De Las Gardenias FF
Tijuana, MC, 22253
6   *Defendants*

7   *By: /s/ Elizabeth Lozano*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

30